# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**
*ex rel.* **NURDEEN MUSTAFA,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　Case No.  6:10-cv-414-Orl-31DAB

**SAMIR NAJJAR AND LEE NAJJAR,**

        **Defendants.**
_____/

## ORDER AND NOTICE OF HEARING

This matter comes before the Court *ex parte* on the Government's Motion for Temporary Restraining Order and Request for Expedited Action on Application for Prejudgment Relief (Doc. 28).  The Court previously entered a temporary restraining order (the "TRO") (Doc. 22), which will expire by its terms at 3:48 p.m. on October 19, 2011.  After reviewing the Government's Application for Prejudgment Remedies (filed under seal) and its various attachments and determining that the requirements of 28 U.S.C. § 3101(a), (b) and (c) have been met, it is hereby

**ORDERED** that the Application for Prejudgment Remedies (S-22) is **GRANTED IN PART** as set forth herein.  Contemporaneous with this order, and pursuant to the Federal Debt Collection Procedures Act, the Court will issue the prejudgment writs of attachment, which the Government provided with the Application, for various parcels of real estate.  However, in accord with the Government's willingness to defer (Doc. 28 at 5 n.3), the Court will not order the

Defendants to turn over the four vehicles at issue until after a hearing in this matter.  And it is further

**ORDERED** that the United States may seek discovery of the Defendants' financial condition pursuant to 28 U.S.C. § 3105.  And it is further

**ORDERED** that the Clerk shall issue to the Defendants the notices of prejudgment attachment, which the Government provided with the Application.  And it is further

**ORDERED** that the TRO is hereby **EXTENDED** until November 2, 2011 at 3:48 p.m.  And it is further

**ORDERED** that, on or before October 21, 2011, the Government shall either file a motion to convert the TRO to a preliminary injunction or notify the Court that it will allow the TRO to expire.  If the Government files a motion to convert the TRO, the Defendants shall file a written response on or before October 28, 2011.  And, in addition,

**TAKE NOTICE** that a hearing on the issue of whether the TRO should be allowed to expire or should be converted to a preliminary injunction will be held before the Honorable

Gregory A. Presnell, United States District Judge, on **WEDNESDAY**, **NOVEMBER 2, 2011** at **1:00 P.M.** in Courtroom #5A, George C. Young United States Courthouse and Federal Building, 401 W. Central Boulevard, Orlando, Florida.[1]

**PLEASE NOTE**:  Photo I.D. is required to enter the United States Courthouse.  Also, cellular telephones and laptop computers are prohibited in the Courthouse.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 13, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] If either Defendant wishes to exercise his right to a hearing on the Government's entitlement to a prejudgment remedy (as set forth in 28 U.S.C. 3101(d)), he should file a notice to that effect with the Court as soon as possible.  The Court will then set the matter for hearing, either at the November 2 hearing or, if the Defendant requests it, within five days of the request or as soon thereafter as possible. 28 U.S.C. § 3101(d)(2).  If the Government elects to allow the Temporary Restraining Order to expire, and the Defendants do not seek a 28 U.S.C. § 3101(d) hearing, the November 2 hearing will be canceled.