# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA and**
**NURDEEN MUSTAFA,**

      **Plaintiffs,**

**v.**                                                   Case No:  6:10-cv-414-Orl-31DAB

**SAMIR NAJJAR and LEE NAJJAR,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 165) filed by the Relator in this *qui tam* action, Nurdeen Mustafa (the "Relator"), the response in opposition (Doc. 169) filed by the United States of America (the "Government"), and the supplemental response in opposition (Doc. 175) filed by the Government.[1]

### I. Background

Defendant Samir Najjar, the Government, and the Relator in this *qui tam* action negotiated a settlement agreement (Doc. 155-1). After the negotiations, the Relator assented to the settlement agreement through counsel. Subsequently, the Relator argued that the settlement agreement was not binding because he had not yet signed it. (Doc. 137). The Government filed a motion to enforce the settlement agreement (Doc. 134), which the Court granted (Doc. 144).

The settlement agreement provided for the entry of a consent judgment as to Samir Najjar and the dismissal of the Relator's complaint. On August 23, 2013, the Court entered the consent judgment (Doc. 158) and dismissed the Relator's complaint (Doc. 159). The Court certified the

---

[1] Samir Najjar adopted the Government's response in opposition. (Doc. 171).

consent judgment as a final judgment pursuant to Fed.R.Civ.P. 54(b). (Doc. 158 at 2). By way of the instant motion, the Relator seeks to have the Court vacate both the consent judgment and the order dismissing his complaint.[2]

## II.     Analysis

The Relator argues that the consent judgment should be vacated because it lacks the requisite degree of finality to be certified as a final order under Federal Rule of Civil Procedure 54(b), which provides as follows:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The settlement agreement provided that the parties would sign the consent judgment within five days of Samir Najjar entering a guilty plea in a related criminal case (henceforth, the "Criminal Case"). (Doc. 155-1 at 2). That guilty plea was not entered prior to the entry of the consent judgment. The Relator argues that the consent judgment was contingent upon an event that had not happened before its entry and therefore it is not a final order for purposes of Rule 54. (Doc. 165 at 4).

To the extent the Relator is arguing that the non-occurrence of the guilty plea requires vacating of the consent judgment, that argument has been waived. Before filing its motion for

---

[2] The Court granted the Government's motion for entry of the consent judgment prior to the expiration of the deadline for the Relator's response. Accordingly, the Court will not hold the Relator to the usual standard applicable to a motion for reconsideration.

entry of the consent agreement, counsel for the Government (as required by Local Rule 3.01(g)) conferred with the Relator's counsel in an effort to resolve the issues raised by the motion. In response to that inquiry, counsel for the Relator objected only to the designation of the consent judgment as a final order, not its entry. (Doc. 155-1). Even if the Relator had not waived this argument, it would have been groundless. The provision that the consent judgment be entered after the guilty plea was included in the settlement agreement for the benefit of Samir Najjar, and there is no dispute that he waived it. (Doc. 169 at 4 n. 4). *See Shutte v. Thompson*, 82 U.S. 151, 159 (1873) (holding that a party "may waive any provision either of a contract or a statute, intended for his benefit.").

And contrary to the Relator's assessment, the consent judgment is not contingent upon the entry of that guilty plea. Some passages of the consent judgment refer to Samir Najjar having previously pled guilty and having had judgment entered against him in the Criminal Case. However, a footnote to the consent judgment explains that the guilty plea had not yet been entered and states that the "references herein to the criminal plea and criminal judgment shall become operative when judgment is entered in *United States v. Samir Najjar*, 8:13-cr-46 (M.D.Fla.)." (Doc. 158 at 2 n. 1). In retrospect, it likely would have been clearer if the Court had drafted a new consent judgment from scratch rather than using the one provided by the parties and adding a footnote to explain that Samir Najjar had not yet pled in the criminal case. Nonetheless, it is clear that the consent judgment itself is not contingent upon entry of that plea. Neither the language of the footnote nor any other language in the consent judgment delays the effect of the consent judgment until the plea is entered. Because the judgment is not contingent, it is final.

The Relator next argues that the consent judgment is insufficiently final to be appealed because the Court did not spell out the basis for its finding that there was no just reason for delay.

The Government also suggests that it would be helpful to have an explicit listing of the Court's reasons for the Rule 54(b) certification of the consent judgment. The Court will do so by way of a separate order.

Finally, the Relator argues that vacating of the consent judgment requires vacating of the order dismissing Relator's complaint. However, as the Court is not vacating the consent judgment, this argument also fails.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 165) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties